# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 240
### ISTIN v. JOS. SHANE & FRANK SHANE
Ohio Appeals, 9th Dist., Summit Co.

No. 876. Decided Nov. 5, 1924.

**495. ERROR**—Judgment will be reversed when record shows error of probable prejudice to party complaining.

**1195. TRIAL**—Verdict directed for plaintiff thereby depriving defendant of setting up defense is erroneous.

PARDEE, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Action by Jos. Shane and Frank Shane on two promissory notes. The answer alleged no consideration for the execution and delivery of the notes and also set up a general denial. At the end of plaintiff's evidence, the defendant made a motion for a directed verdict on the grounds that Jos. Shane testified positively that the notes were his and that there was no testimony showing that Frank Shane had any interest in the notes. The motion was overruled. The defendant offered no testimony, and upon motion of the plaintiffs the court directed a verdict for the plaintiffs. Judgment was reversed by the court of appeals, which held:

1. The action of the court deprived the dedefendant of setting up any set-off which he might have had.

2. The error probably did prejudice the defendant and he should not have been deprived of his constitutional right.

Washburn, J., dissenting, held that under the evidence the defendant had no defense to the notes and the record does not disclose that he was probably prejudiced by the error complained of.

Attorneys—Mottinger & Evans for Istin; Meade & Chapman for Jos. Shane and Frank Shane; all of Akron.

### No. 241
### BROWN v. CRUTCHLEY
Ohio Appeals, 7th Dist., Mahoning Co.

Decided Oct. 24, 1924.

**1271. WILLS**—To set aside will affirmative evidence is essential to overcome presumption from probate.

POLLOCK, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

George Crutchley and others brought this action in Mahoning Common Pleas against Brown and the Executor of Mary Ann Crutchley to contest the paper writing which had theretofore been admitted by the probate court as her last will and testament. The parties, both plaintiffs and defendants, were the children and grandchild and the executor under the will. Mary Ann Crutchley died in August, 1922. After her death the paper writing dated September, 1918, was admitted to probate as her will. At the time of her death she was 92 years old, and her property consisted of about 72 acres of land upon which she and her husband had resided for many years prior to his death, which occurred in 1915.

Prior to his death she and her husband had resided in one-half of the dwelling place on the property and leased the other half to Clement Brown and his wife, Laura, the latter being the daughter. After the death of Mr. Crutchley the testatrix resided in the home with the Browns. By her will she divided the farm into two parts, one-half of which she gave to Mrs. Brown and the other part she provided should be sold by her executor to pay her debts and funeral expenses and the balance should be divided equally among her children.

After her death it appeared that the part of the farm to be sold would not sell for more than enough to pay the debts and funeral expenses, which result would disinherit all of her children except Mrs. Brown. Testimony shows that Mr. Brown asked Mr. Miller, an attorney, to come out to the home to see Mrs. Crutchley and that Mr. Miller prepared the will and took with him witnesses who talked to Mrs. Crutchley alone before the will was executed.

At the trial the verdict was rendered finding that the paper writing was not the last will and testament of the testatrix. This is an action to reverse the judgment on the ground that the verdict is manifestly against the weight of the testimony, upon which ground the judgment was reversed by the Court of Appeals, holding that:

1. Granting full credit to all of the testimony of the contestants of the will, it is not of sufficient weight to overcome the preponderance of the evidence and the presumption arising from the probate of the will that this paper was not the last will and testament of the testatrix.

Attorneys—J. S. Miller and W. H. Spence, for Brown; Kistler & Oesch, for Crutchley; all of Youngstown.